### JAMES McMASTERS *v.* LUCIUS H. PLACE.

The Act of 1820, which provides that any person who takes possession of a vacant estate, or part thereof, without being duly authorized to that effect, &c., is not applicable to the heir of an estate who has the right, if he chooses, to take possession of the estate, and dispose of it as he pleases, subject only to the legal restraint of the creditors, and under the responsibility of paying the debts of the succession.

The sale of property belonging to an estate to which the seller has a simulated title, and the appropriation of the price to his own use—is such an acceptance of the succession as makes him liable as heir for the debts.

Article 985 of the Code is a negative, pregnant with the affirmative, that if the heir had no title to the property sold by him other than that of heir, and no right to suppose that the property did not belong to the succession, he commits an act manifesting the intention to accept when he disposes of the property. A simulated title confers no right whatever.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *E. C. Mix,* and *Bonford,* for plaintiff. *Benjamin & Micou,* for defendant and appellant.

OGDEN, J. It is sought in this action to render the defendant liable for a debt of his brother, *Ransom L. Place,* deceased, on the ground that he was the sole heir of his brother, and had, after his death, intermeddled with the affairs and sold the property of the succession. The defence is a general, as well as a special denial of the plaintiff's allegations, and the averment that defendant had, by notarial act, renounced his brother's estate. The Court below rendered a judgment against the defendant, based on the Act of the Legislature of 1820, which declares that any person who takes possession of a vacant estate, or part thereof, without being duly authorized to that effect, with the intent to convert the same to his own use, shall be prosecuted by information, and on conviction thereof shall be fined $2000, to the benefit of the estate, and shall be moreover liable to pay all the debts of the estate. We think this statute is not applicable to the heir of an estate who has the right, if he chooses, to take possession of the estate and dispose of it as he pleases, subject only to legal restraint by the creditors, and under the responsibility of paying the debts of the succession. According to that statute, if a stranger to the succession should possess himself of the estate and convert it to his own use without authority, the consequence of a conviction, in a criminal proceeding, would be to render him liable for all the debts of the estate, but in regard to the heir, a criminal prosecution could not lie, because by law he is seized of the estate, and becomes the lawful possessor whenever, under the responsibilities of heir, he enters into the possession. The case, therefore, turns on the question whether the defendant has rendered himself liable by doing some act which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir. If he has done any such act, the article 982, of the Civil Code, expressly renders him liable. Art. 984 says : it is necessary the intention should be united to the fact, or rather manifested by the fact, in order that the acceptance be inferred. Art. 993 declares, that the sale of the least article of property belonging to the succession will render the person called to the succession irrevocably the heir, unless he cause himself to be authorized by the Judge to make the sale at public auction on a petition alleging the necessity for it. When *Ransom H. Place* died he was the lessee and manager of the American Theatre. He died on the 2d of November, 1850, at the

defendant's house, and up to that time was apparently in possession, as lessee of the Theatre, of the scenery, machinery, wardrobe and other property appurtenant to the Theatre. A few days after his death, to wit, on the 12th November, 1852, the defendant sold all the movables in the Theatre to *Mandell* and *Charles*, to whom, with defendant's consent if not by his procurement, the owners of the Theatre transferred the lease of *Ransom Place*, having yet several years to run. The defendant endeavors to establish that the property belonged to himself and not to his brother's succession. We agree with the Judge below that the title set up by him must be considered a simulation. The property was owned by *Ransom Place* in 1845, when it was seized at the suit of one of his creditors, and adjudicated to the defendant, *L. H. Place* and *S. P. Stickney*, but the deed recites that the notes of *Ransom H. Place* and *Stickney* were given for the price of the adjudication. *Ransom Place* continued in possession of the property after the adjudication. As the defendant neither paid nor bound himself to pay the price, and the possession continued in *Ransom Place* as before the sale, although under a lease from the defendant, there was in reality no change of title as regards the half of it adjudicated to the defendant—the sheriff's deed can only be viewed as a means resorted to of placing the title of the property in the name of defendant to protect it from the pursuit of *Ransom Place's* creditors. The sale being simulated, the question arises whether the act of selling the property and converting the proceeds to his own use, constitutes an acceptance of the succession by the defendant so as to render him liable as heir for the debts. We differ from our brother Judge in his conclusions on this point. Although the intention is required to be united to the fact, it is clear from the phraseology of article 984 referred to, that the fact may be taken as manifesting the intention—the sale, as we have seen, of the least article of property belonging to the succession without the authority of the Judge, is one of those facts which manifests the intention to accept—but it is contended that the fact here did not manifest the intention to accept, because the defendant sold the property in his own right and not in the capacity of heir, and we have been favored with the views of several of the French commentators on provisions of the Napoleon Code similar to our own. Those authorities only go to this extent, that where a person has some title, or supposes he has a right to the property by a title other than that of heir, the disposal of the property by him is not a fact manifesting the intention to accept. This is in accordance with our Code, which has even declared it in express terms. See art. 985. But we consider it a negative pregnant with the affirmative, that if the heir has no title other than that of heir and no right to suppose that the property did not belong to the succession, then he does commit an act manifesting the intention to accept when he disposes of the property. A simulated title confers no right whatever. No action is necessary to annul it because it is a nullity in itself—and if a person, called to a succession without any other right than that derived from a simulated title, disposes of property belonging to the succession, he renders himself liable as heir. As heir he had the right to sell, and the law will presume that he sold in that capacity only in which he could have supposed he had any right to the property. It is objected that the petition contains no allegation by which the defendant could be rendered liable as having had only a simulated title to the property disposed of.. It was not necessary, in our opinion, to make this allegation in order to sustain the plaintiff's action.

It is, therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed, the costs of this appeal to be paid by the defendant appellant.

Re-hearing refused.